Rivera et al., Demandante y Apelado, *v.* Negrón, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., en pleito sobre reivindicación de propiedad inmueble.

No. 1413.—Resuelto en julio 7, 1916.

Prescripción — Compraventa — Dueño Distinto del Vendedor — Poseedor de Buena Fe.—De acuerdo con la Orden General Judicial No. 82, de 7 de abril de 1899 y el artículo 1858 del Código Civil Revisado, no se adquiere el dominio por prescripción cuando antes de expirar el plazo señalado para prescribir el poseedor tiene conocimiento de que el inmueble por él adquirido pertenece a dueño distinto de su vendedor, por haber dejado de ser poseedor de buena fe.

Buena Fe—Presunción Juris Tantum.—La presunción de buena fe es *juris tantum* y, por lo tanto, puede ser rebatida.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Martínez Dávila.*

Abogado del apelado: *Sr. José G. Torres.*

El Juez Asociado Sr. Hutchison emitió la opinión del tribunal.

La sentencia dictada en la corte inferior se basó en una opinión que fué emitida por el juez sentenciador, la cual en

tanto es pertinente a cualquier cuestión que necesitemos considerar en este caso, dice lo siguiente:

"La presente es una acción reivindicatoria, ejercitada por Rafael, Julia y Antonia Rivera, representada esta última por su padre Delfín Rivera Meléndez. Los demandantes reclaman veinte cuerdas de terreno que se describen en la demanda con sus colindancias, radicadas en el municipio de Corozal. Este terreno se compone de dos predios de once cuerdas uno y nueve el otro, colindantes entre sí, encontrándose inscritos ambos en el registro de la propiedad. El demandado alega que únicamente posee una finca de veinte cuerdas radicada en el barrio de Cibuco, jurisdicción de Corozal y según resulta de la prueba esta finca comprende los dos predios descritos en la demanda y reclamados por los demandantes. Demuestra la prueba que el demandado al comprar la finca, tuvo conocimiento de que ésta pertenecía a unos menores y que desde el año 1905 se vienen practicando gestiones por Delfín Rivera y otras personas cerca del referido demandado para obtener la devolución del terreno en litigio, haciéndosele saber que este terreno pertenecía a los demandantes. Estos predios fueron arrendados por Delfín Rivera a Mateo Andreu, cuando sus hijos, los hoy demandantes, eran todos menores de edad. Rivera se ausentó para Morovis donde estuvo enfermo por algún tiempo, y cuando regresó a la finca encontró a Jesús Negrón poseyéndola a título de dueño según se ha demostrado con la prueba testifical. Negrón dice que compró a Mateo Andreu, pero como no se ha demostrado que Delfín Rivera hubiese vendido esta finca debidamente autorizado, al referido Andreu, esta venta no puede tener efecto legal alguno contra los demandantes, estando el demandado obligado a devolver la finca a sus dueños si no la ha adquirido por prescripción. Jesús Negrón alega la prescripción a su favor basándose en el artículo 1858 del Código Civil Revisado y la Orden General Judicial número 82 de 7 de abril de 1899. De acuerdo con la Orden General citada, y el Código Civil, Jesús Negrón no ha adquirido el dominio de la finca que posee por la prescripción porque, según hemos declarado, tuvo conocimiento antes de expirar el plazo señalado para la prescripción, de que la finca pertenecía a los demandantes * * *. Dice Manresa en la página 834, del tomo 12 de sus Comentarios al Código Civil, que el poseedor de buena fe deja de serlo desde el momento en que tiene conocimiento de que el inmueble por él adquirido pertenecía a otro dueño distinto de su vendedor. Desde luego, que la buena fe se presume; pero como se trata de una presunción

*juris tantum* que puede ser rebatida y en este caso lo ha sido satis-
factoriamente, entendemos que el demandado está obligado a devolver
la finca a los demandantes, únicos y legítimos dueños de ella."

\*     \*     \*     \*     \*     \*     \*

Los siguientes errores fueron alegados, a saber:

(*a*) La Corte de Distrito de San Juan, Sección Primera, cometió
error en la apreciación de la prueba al declarar probado, en su
opinión, que los demandantes identificaron la finca cuya reivindica-
ción solicitan.

(*b*) La Corte de Distrito de San Juan, Sección Primera, cometió
error al declarar que el demandado-apelante Jesús Negrón era un
poseedor de mala fe y que por consiguiente no podía alegar que la
acción ejercitada por los demandantes estaba prescrita."

De nada serviría que hiciéramos un examen extenso de
toda la prueba con el objeto de demostrar que ninguna de las
dos alegaciones puede ser sostenida.    Hemos examinado cui-
dadosamente los autos y no vemos que exista un error tan
manifiesto que exija la revocación de la sentencia.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, del Toro y Aldrey.